IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY D. MANN, | ) | CASE NO. 1:13 CV 1977 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| GARY C. MOHR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | REPORT & RECOMMENDATION |

## Introduction

Before me by referral[1] in this action alleging violations of 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"),[2] and both state and federal RICO Act violations among others,[3] is defendants Keith Faber and Larry Wolpert's Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss[4] under the Federal Rules of Civil Procedure.[5] Although there are 38 named defendants in this action, the motion at issue relates exclusively to Faber and Wolpert. For the reasons stated below, I recommend that their motion be granted, dismissing both Faber and Wolpert from this case.

---

[1] ECF # 14.

[2] 42 U.S.C. § 2000cc *et seq.*

[3] ECF # 5.

[4] ECF # 38.

[5] Fed. R. Civ. P. 12(b)(1), (6).

## Statement of Relevant Facts

Mann is presently incarcerated by the Ohio Department of Rehabilitation and Correction at the Grafton Correctional Institution.[6] Although his amended complaint alleges some six causes of action against 38 different defendants operating as individuals and in various capacities as employees of the State of Ohio,[7] Mann's only complaint against Faber and Wolpert relates to their role in the Ohio legislature.[8] Specifically, Mann complains about Faber for his actions as an Ohio state senator and Chairperson of the Legislative Services Commission[9] ("LSC").[10] His complaint about Wolpert relates to his capacity as Executive Director of the Joint Committee on Agency Rule Review[11] ("JCARR").[12]

---

[6] *See* ECF # 5 at 6.

[7] ECF # 5.

[8] *Id.* at 26-38.

[9] The Legislative Services Commission claims to be a "nonpartisan agency providing drafting, fiscal, research, training, code revision, and other services to the Ohio General Assembly." (*About Us*, Ohio Legislative Service Commission, http://www.lsc.ohio.gov (last visited Feb. 25, 2015)).

[10] ECF # 5 at 26-38.

[11] The Joint Committee on Agency Rule Review states that its primary function is to "review proposed new, amended, and rescinded rules ... to ensure they do not exceed their rule-making authority granted to them by the General Assembly." (*Joint Committee on Agency Rule Review*, Ohio General Assembly, http://www.jcarr.state.ohio.us/home (last visited Feb. 25, 2015)).

[12] ECF # 5 at 26-38.

Mann meanders through his 53-page complaint,[13] enhanced by 125 pages of attachments, to his 69-page amended complaint[14] with an additional 156 pages of attachments, before reaching his 10- page addendum to his amended complaint.[15] In Mann's response to Faber and Wolpert's motion to dismiss, he clarifies that he "is only suing them for [a] Declaratory Judgment."[16]

Separating the wheat from the chaff, Mann's allegations as to Faber and Wolpert amount to 10 words: They helped pass legislation violating the Ex Post Facto Clause.[17] In support of this claim he alleges that polices and procedures supported by Faber and Wolpert created a framework for the Ohio Department of Rehabilitation and Correction ("ODRC") to violate his rights.[18] Specifically, Mann argues that the 1996 sentencing framework passed by the Ohio legislature and codified in the Ohio Revised Code at § 5120 *et seq.*[19] provided the ODRC with the ability to create two classes of prisoners:[20]

---

[13] ECF # 1.

[14] ECF # 5.

[15] ECF # 10.

[16] ECF # 47 at 6.

[17] ECF # 5 at 26-41 (although not *explicitly* stated, this is Mann's claim as to Faber and Wolpert) (*See* U.S. Const. Art. I § 10).

[18] *Id.* at 27.

[19] Mann refers to "Senate Bill II" in his amended complaint. That was ultimately codified in the Ohio Revised Code at § 5120 *et seq.*

[20] ECF # 5 at 27.

>   (1)  Prisoners who committed crimes prior to the July 1, 1996 effective date who are not subject to the changes in the sentencing structure,[21] and
>
>   (2)  prisoners who committed crimes subsequent to the effective date who are.[22]

Mann states that the legislature, in choosing not to make the new sentencing law retroactive, and thus not applying to prisoners sentenced prior to July 1, 1996, effectively empowered the ODRC to create the two classes: (1) those not subject to the changes, serving "indefinite" sentences, and (2) those with "definite" sentences.[23] Mann maintains that prisoners like him in the former camp serving "indefinite" sentences are subject to review by the parole board while those with "definite" sentences prisoners are not.[24] The parole board thus has greater power over his term of incarceration than it does over subsequently sentenced prisoners, and their guidelines impact him more.[25]

Mann, therefore, argues that it is this discrepancy, combined with the fact that the parole board exercises significant discretion in controlling the frequency of parole hearings and parole decisions, that subject him to an increased term of incarceration.[26] And because

---

[21] ECF # 5 at 34.

[22] *Id.* at 27-28.

[23] *Id.* at 26-28, 39-41.

[24] *Id.* at 26-28.

[25] *Id.*

[26] *Id.* at 26-27.

Faber and Wolpert did not object to changes in the sentencing guidelines, they are thus responsible for alleged subsequent increase in his penalty.[27]

## Analysis

I recommend that Faber and Wolpert's motion to dismiss be granted. In over 400 pages, Mann has not alleged any legally cognizable injury caused by them and has thus failed to state a claim upon which relief may be granted.[28] Simply put: Ohio's sentencing law is not improper for want of retroactivity. Accordingly, it does not violate the Ex Post Facto Clause.

The Sixth Circuit decided this issue conclusively in *Michael v. Ghee*,[29] a case remarkably similar to Mann's present situation. As is the case with Mann, the plaintiffs in *Michael* were: (1) Inmates in Ohio correctional facilities;[30] (2) sentenced before Ohio's revised sentencing law was effective;[31] (3) who filed suit under 42 U.S.C. § 1983;[32] (4) alleging that the parole board abused its discretion;[33] (5) that the board had ulterior

---

[27] ECF # 47 at 5; ECF #5 at 46.

[28] *See* Fed. R. Civ. P. 12(b)(6).

[29] *Michael v. Ghee*, 498 F.3d 372 (6th Cir. 2007).

[30] *Id.* at 373.

[31] *Id.*

[32] *Id.* at 374.

[33] *Id.* at 375.

motives in promulgating guidelines;[34] (6) alleging a liberty interest in either parole or a parole hearing;[35] and (7) alleging a violation of the Ex Post Facto Clause.[36]

In *Michael*, the Sixth Circuit held that (1) Ohio's decision to not apply its new sentencing law retroactively and to adopt new parole guidelines was rationally based, and (2) retroactive application of Ohio's 1998 parole guidelines was not a violation of the Ex Post Facto Clause.[37]

For Mann, the fact that the parole board exercises more control over his sentence than it does over prisoners, subject to the new law, sentenced after him does not amount to an increase in his sentence. Mann has failed to establish either "that the guidelines on their face, show significant risk of increased incarceration" or "that evidence drawn from the guideline's practical implementation by the agency charged with exercising discretion ... will result in a longer period of incarceration than under the earlier guidelines."[38]

In *Michael*, the Sixth Circuit stated affirmed the that "retroactive application of the new sentencing guidelines does not create a sufficient risk of increasing the measure of punishment attached to the underlying crime."[39] In light of *Michael* then, assuming that

---

[34] *Id*.

[35] *Id.* at 377.

[36] *Id.* at 372.

[37] *Id.*

[38] *Id.* at 384.

[39] *Id.* at 380.

everything that Mann alleges that Faber and Wolpert did is true, he has failed to allege any legally cognizable injury.

## Conclusion

Accordingly, for the foregoing reasons, I find that Mann has failed to state a claim upon which relief may be granted and, therefore, recommend that Faber and Wolpert's motion to dismiss be granted.

Dated: March 23, 2015  s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[40]

---

[40] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).