IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY D. MANN, | ) | CASE NO. 1:13 CV 1977 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| GARY C. MOHR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>REPORT & RECOMMENDATION</u> |

Before me by referral[1] in this prisoner action alleging numerous violations of numerous federal and state statutes[2] are motions by 33 individual employees of the State of Ohio[3] seeking to sever all but the first allegation of the complaint because the current complaint is a "buckshot" complaint that violates the rules on joinder,[4] and to stay response to the complaint pending adjudication of the motion to sever.[5] Mann does not dispute the

---

[1] ECF # 14.

[2] ECF # 1.

[3] The employees are named as Gary Mohr, Wanza Jackson, Gary Croft, Bennie Kelly, Darlene Krandall, Jerry Spatney, Stephen Reynolds, Ronald Smith, Frank Garcia, Timothy Glowacki, Marvin Murphy, Paula Rudy, Diane Teffs, Brian Costin, Justin Scott, Gregory Lumen, Annette Chambers-Smith, Kelly Sanders, Rob Jeffries, Scott Neely, Stephen Gray, Sara Andrews, Cynthia Mausser, Kathleen Kovach, Ellen Venters, R.F. Rauschenberg, Trayce Thalheimer, Marc Houk, Andre Imbrogno, Ron Nelson, Jr., Rich Cholar, Jr., Michael Jackson, and Alicia Handwerk.

[4] ECF # 36.

[5] ECF # 37.

motion to stay[6] but does contest the motion to sever.[7] For the reasons that follow, I will recommend that the motion to sever be granted, and consequently, if this recommendation is adopted, that the motion to stay filing of responses to this complaint be deemed moot.

A more complete, if abbreviated, account of the complaint and its claims is set forth in the recent Report and Recommendation that recommended the dismissal of two defendants.[8] Important to the present matter is the finding of the Report and Recommendation that no constitutional violation is presented by Ohio's sentencing structure as applied to Mann. This conclusion, if adopted, eliminates the claimed common nexus that joins the various allegations of the complaint and the numerous defendants. Specifically, Mann argues that the "parole board defendants" are linked to the now-dismissed "rule making defendants" by needing to use the allegedly improper sentences approved by the rule making defendants as a means to perpetuate funding for the parole authority.[9] Further, Mann asserts that the other defendants acquired their ability to harm him because of the illegally long sentences.[10]

I note here that Mann does not dispute that a common question of law or fact is required to join individual defendants in a common complaint but asserts that all the

---

[6] ECF # 43.

[7] ECF # 44.

[8] ECF # 59.

[9] ECF # 44 at 3-5.

[10] *Id.* at 5.

defendants here are linked by their common participation in a conspiracy to illegally increase the length of incarceration of inmates subject to the prior sentencing rules. However, if the recent Report and Recommendation is adopted, there is nothing improper about Ohio's decision not to make the new sentencing law retroactive to persons, like Mann, sentenced under the prior law. And so, without the claimed common illegal act of maintaining an improper sentence structure as the link between all defendants, Mann, by his own reasoning, has failed to assert a common question of fact or of law that joins the defendants here.

Accordingly, I recommend that the motion to sever be granted[11] and that all allegations subsequent to those of the first cause of action be dismissed without prejudice.[12] Further, if this recommendation is accepted, the motion to stay filing of responses to the current complaint should be deemed moot.

Dated: March 25, 2015        s/ William H. Baughman, Jr.
       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[13]

---

[11] *See*, *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

[12] *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988).

[13] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).