**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY D. MANN, | ) | CASE NO. 1:13 CV 1977 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | ORDER ADOPTING |
| | ) | MAGISTRATE'S REPORT AND |
| | ) | RECOMMENDATION |
| GARY C. MOHR, ET AL., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon two (2) Reports and Recommendations of Magistrate Judge William H. Baughman, Jr. The first Report and Recommendation (ECF # 59), issued on March 23, 2015, recommends that this Court grant Defendants Keith Faber and Larry Wolpert's Motion to Dismiss Count 2 under FED. R CIV. P. 12(b)(6) for failure to state a claim (ECF # 38). In Count 2 of Plaintiff's complaint, Plaintiff alleges that Ohio's enactment of a new sentencing statute which is not retroactive results in a violation of his constitutional right to Equal Protection because he is a member of a discriminated class of prisoners with indefinite sentences. Magistrate Judge Baughman found that there is nothing improper about Ohio's decision not to make the new sentencing law retroactive to persons sentenced indefinitely under the prior law. As such, he finds that Count 2 does not state a claim for which relief can be granted. Count 2 is the only claim which pertains to Defendants Faber and Wolpert. Magistrate Judge Baughman recommends that those defendants be dismissed from the case.

The second Report and Recommendation (ECF # 60), issued on March 25, 2015,

recommends that the Court grant Defendants' Motion to Sever (ECF # 36) numerous claims from Plaintiff's Amended Complaint pursuant to FED. R CIV. P. 20 and to dismiss the severed claims without prejudice. Magistrate Judge Baughman found that because there was no constitutional violation presented by Ohio's sentencing structure, there is no longer a common nexus that joins the various allegations of the complaint and the numerous defendants. Thus, if this Court adopts the first Report and Recommendation (ECF #59), there would no longer be a common question of fact or law to warrant joining the various allegations and numerous defendants. Magistrate Judge Baughman therefore recommends granting Defendants' Motion to Sever; retaining Count 1 for religious discrimination against the prison defendants and dismissing the remaining claims (Counts 3 to 6).

The Court has reviewed *de novo* those portions of Magistrate Judge Baughman's Reports and Recommendations to which objection has been made. *See* FED. R. CIV. P. 72(b). The Court finds that both of Magistrate Judge Baughman's Reports and Recommendations are thorough, well-written, well-supported, and correct. The Court finds that Plaintiff's objections raise no arguments (factual or legal) that have not been fully addressed by Magistrate Judge Baughman's Reports and Recommendations. This Court, therefore, adopts Magistrate Judge Baughman's Reports and Recommendations in their entirety. Accordingly, Defendants Faber and Wolpert's Motion to Dismiss the complaint against them is granted. Further, because Plaintiff's second cause of action fails on its face to state a claim against anyone, it is hereby dismissed with prejudice against all defendants. The defendants' Motion to Sever is granted and Counts 3 to 6 are dismissed without prejudice.

The only remaining cause of action to be adjudicated in this Court is Count 1 for alleged

religious discrimination by the prison officials. In Count 1, Plaintiff claims various actors at Grafton Correctional Institution infringed on his right to practice his Native American religion. The only Defendants implicated by those claims are Wanza Jackson, Bennie Kelly, Darlene Krandall, Jerry Spatney, Stephen Reynolds, Ronald Smith, Frank Garcia, Timothy Glowacki, Marvin Murphy, Paula Rudy, Diane Teffs, Brian Costin, Justin Scott, and Gregory Lumen. This matter is referred to Magistrate Judge Baughman for pretrial supervision.

To the extent that Plaintiff's claims were rejected on the merits, reasonable jurists could not find the assessment of Plaintiff's constitutional claims to be debatable or wrong. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). IT IS SO ORDERED. .

DONALD C. NUGENT
United States District Judge

DATED: _June 16, 2015_

-3-