IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY D. MANN, | ) | CASE NO. 1:13 CV 1977 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| GARY C. MOHR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this matter arising under 42 U.S.C. § 1983 that alleges violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"),[2] are several motions by *pro se* plaintiff Jeffrey D. Mann:

(1) for relief from the judgment that dismissed Count Two with prejudice and, after severing Counts Three through Six, then dismissed those claims without prejudice;[3]

(2) for an order requiring the remaining defendants and/or counsel to notify the plaintiff and the Court of any defendants sued in their official capacity who leave or change positions during the pendency of the litigation;[4] and,

---

[1] ECF # 14.

[2] 42 U.S.C. § 2000cc *et seq*. Other allegations of the complaint are no longer at issue. See, ECF # 73 (order adopting report and recommendation).

[3] ECF # 84.

[4] ECF # 85.

(3) for an order reinstating defendants Mohr, Huffman, James, Williams, Neely and Gray; who were purportedly improperly dismissed by this Court's orders[5] confining the remaining issue to Count One and enumerating the defendants related to that claim.[6]

The defendants have not responded to the motions. A motion by the defendants for a more definite statement,[7] to which Mann has been granted additional time to respond,[8] remains pending and is not examined here.

For the reasons stated, I will recommend that the motions for relief from judgment and to reinstate certain defendants be denied, and then will grant in part the remaining motion for notification of changes in the status of official defendants.

## Facts

The prior reports and recommendations adequately present the facts necessary for adjudicating these motions.[9]

Essentially, the present motions for relief from judgment and reinstatement of defendants argue that the Court erred in dismissing various officials in the prison system when it found that Count Two failed to state a claim for relief against two defendants

---

[5]ECF ## 73, 74.

[6]ECF # 86.

[7]ECF # 88.

[8]Non-document order entered February 18, 2016.

[9]ECF ## 59, 60.

involved in the passage of the legislation at issue in that count.[10] Further, and in that same vein, Mann asserts that the Court erred in dismissing the second cause of action in its entirety and with prejudice, since, Mann contends, "nobody asked" for such a result.[11]

In a related but different argument, the motion to reinstate the prison system defendants asserts that these defendants have responsibilities for enforcing the alleged restrictions on Mann's First Amendment rights at issue in Ground One - the only remaining claim. Mann argues that because these defendants created the portions of the Ohio Administrative Code and prison policies that purportedly injured him, as well as now supervise the defendants who remain in the case, these dismissed defendants should now be reinstated as defendants.[12]

## Analysis

### A. Motion for relief from judgment

#### 1. Relevant law

Rule 60(b) provides for "extraordinary relief and may be invoked only upon a showing of extraordinary circumstances."[13] Rule 60(b) states that a court may relieve a party from a final judgment or order for one the following reasons: (1) mistake, inadvertence,

---

[10]ECF # 84 at 2.

[11]*Id.*

[12]ECF # 86 at 1-2.

[13]*McNamara v. Royal Bank of Scotland Group, PLC*, No. 11-CV-2137-L WVG, 2013 WL 1942187, at *1 (S.D. Cal. May 9, 2013) (citation omitted).

surprise or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered before the court's decision; (3) fraud, misrepresentation, or misconduct by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief."

That last prong, or Rule 60(b)(6), is a catchall provision designed to ensure the possibility of equitable relief in cases not otherwise specified in the other provisions of the Rule.[14] As such, the Sixth Circuit clearly teaches that Rule 60(b)(6) "only applies in exceptional or extraordinary circumstances where principles of equity mandate relief."[15] Thus, adjudicating a motion under Rule 60(b)(6) is a "case-by-case inquiry" that requires the district court to balance the competing policies of the finality of judgments with the "command of the court's own conscience that justice be done in light of all the facts."[16] While, like decisions made pursuant to Rule 59(e), the decisions of a district court on a motion made under Rule 60(b)(6) are reviewed for abuse of discretion, the Sixth Circuit specifically notes that the district court's discretion in deciding a Rule 60(b)(6) motion "is especially broad due to the underlying equitable principles involved."[17]

---

[14]*Henness v. Bagley*, 766 F.3d 550, 553 (6th Cir. 2014) (citation omitted).

[15]*Id.* at 553-54 (citation omitted).

[16]*Id.* at 554 (citation omitted).

[17]*Id.* (citing *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)).

### 2. *Application of relevant law - the motion should be denied*

As noted above, obtaining relief under Rule 60(b) requires that the moving party demonstrate "extraordinary circumstances" such as mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, misrepresentation or misconduct by the other party, or "any other reason that justifies relief." In this case, Mann essentially claims that the other reason justifying relief[18] is that a mistake was made in dismissing Count Two with prejudice because no defendant asked for that result, and further that a mistake was made in dismissing various prison officials in connection with Ground Two, since only two legislative defendants were implicated in the motion to dismiss for failure to state a claim for relief.

Both arguments fundamentally miss the central finding concerning Ground Two. As the Court noted in adopting the Report and Recommendation, Mann's "second cause of action fails on its face to state a cause of action *against anyone*...."[19] Simply put, Ground Two claimed that because Mann was sentenced prior to Ohio's 1996 sentencing framework, which was not made retroactive, Mann is now receiving discriminatory treatment.

But the conclusion of the Report and Recommendation, based on clear teaching of the Sixth Circuit, was that Mann has not alleged "any" legally cognizable injury arising from the absence of retroactivity of the 1996 law.[20] In essence, *Michael* held that the 1996 Ohio

---

[18] ECF # 84 at 3.

[19] ECF # 73 at 2 (emphasis added).

[20] ECF # 59 at 5 (citing *Michael v. Ghee*, 498 F.3d 372 (6th Cir. 2007).

sentencing law does not violate the Ex Post Facto Clause when applied to individuals like Mann who were sentenced under the earlier statute.

That said, Mann appears to now seek to widen his complaint in Ground Two to assert that prison officials may still effectively deny equal protection to prisoners in Mann's position, apart from the operation of the statute, by creating rules concerning appeals processes and religious practice that are contrary to established law.[21] He contends that these added claims of Ground Two can be inferred from the "facts alleged as relating to the second cause of action," even though these new allegations "go beyond specific claims relating to the equal protection of the disparate sentencing schemes...."[22]

In noting how far Mann would now take the claims in Ground Two, I initially observe that Mann previously was very restrictive and specific as to his claims in this ground, asserting that in Ground Two he "is only suing [Faber and Wolpert] for [a] Declaratory Judgment" that the 1996 sentencing law was improper for want of retroactivity.[23] Thus, there is no question that Ground Two as actually pled by Mann - and indeed as he himself restated - involved only an assertion that the 1996 Ohio law was improper in its construction, and that only defendants Faber and Wolpert were now liable, due to their alleged role in creating this law.

---

[21]ECF # 84 at 2.

[22]*Id*.

[23]ECF # 47 at 6.

While the factual narrative of Mann's 69-page complaint with 156 pages of attachments, plus a 10-page addendum, does detail ways he contends prison officials used the purportedly improper system created by having some prisoners subject to the 1996 law while others were under a prior statute, that narrative is premised on the assertion that the 1996 law is the root of the injuries in that it provided prison authorities with the means to discriminate against persons like Mann.[24]

The conclusion that the 1996 law does not violate the Ex Post Facto Clause necessarily means that officials who operate under its authority likewise can do no cognizable injury when such a claim is based on the law's purported unconstitutional nature. Thus, dismissal of these defendants on this basis was consistent with the pleadings themselves.  Ground Two sought only a declaratory judgment against Faber and Wolpert. It premised any additional liability on the other defendants on the unfounded claim that they were acting under an unconstitutional law.

Moreover, to the degree that Mann now seeks to dramatically expand Ground Two to include new claims against these other defendants unrelated to the constitutionality of the 1996 law involving other, unspecified kinds of discriminatory acts inferred from the penumbras and emanations surrounding his factual allegations, such an expansion goes well beyond a lenient reading of the pleadings of a *pro se* plaintiff.  At a minimum, reading the complaint as Mann would wish fails to satisfy the rudimentary requirement of Rule 8(a)(2).

---

[24]ECF # 5 (amended complaint) at 27.

As held in *Bell Atlantic Corp. v. Twombly*,[25] the "pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[26]

The motion for relief from judgment should be denied.[27]

**B.      Motion to reinstate defendants**

*1.      Applicable law*

Mann argues that the authority to reinstate previously dismissed defendants rests upon Rules 20 and 21 of the Federal Rules of Civil Procedure.[28] Rule 20 specifies when persons may be joined as either plaintiffs or defendants to a civil action. Rule 21 addresses the power of the court to add or drop a party to an action. It states, in relevant part, that "[o]n motion, or on its own, the court may at any time, on just terms, add or drop a party." Moreover, the court may also "sever any claim against a party."

Because Mann does not question the authority of this Court to dismiss defendants as it did but instead asks for the reinstatement of already dismissed defendants on the ground of mistake, the proper lens for reviewing this motion to reinstate comes by way of Rule 59(e), which provides for an alteration to or amendment of a judgment.

---

[25] 550 U.S. 554 (2007).

[26] *Id*. (internal quotation omitted).

[27] ECF # 84.

[28] ECF # 86 at 3.

Since the Federal Rules of Civil Procedure do not contain a specific rule applicable to a motion to reconsider, a party seeking reconsideration of a judgment in the federal court must either file a motion to alter or amend that judgment under Rule 59(e) or file for relief from that judgment under Rule 60(b).[29]

The most commonly used approach for seeking reconsideration is a motion to alter or amend judgment pursuant to Rule 59(e).[30] A motion to alter or amend under Rule 59(e) is designed to correct manifest errors of law or fact or to present newly discovered evidence.[31] Such a motion is "extraordinary and is seldom granted because it contradicts notions of finality and repose."[32] Thus, a Rule 59(e) motion to alter or amend is proper only for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has now become available; or (3) it is necessary to correct a clear error of law or to prevent a manifest injustice.[33]

That said, a motion for reconsideration (made a motion to alter or amend judgment) is not a vehicle to reargue the case or to present evidence that properly should have been

---

[29] *See*, *McNamara*, 2013 WL 1942187, at *1 (citations omitted).

[30] *See*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617-18 (6th Cir. 2002).

[31] *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 714 (S.D. Ohio 2013) (citations omitted).

[32] *Id.* (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 699 (N.D. Ohio 1995)).

[33] *Id.* (citations omitted).

presented earlier.[34] In other words, Rule 59(e) does not give an unhappy litigant the opportunity to relitigate or reargue matters already decided.[35] Moreover, a decision by the district court on a Rule 59(e) motion to alter or amend is reviewed only for abuse of discretion.[36]

As Judge Carr stated in *Davie v. Mitchell*, a Rule 59(e) motion provides an extremely narrow portal for obtaining reversal of an earlier judgment:[37]

> Motions for reconsideration [under Rule 59(e)] are disfavored, and a motion for reconsideration is unfounded unless it either calls ... attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law.[38]

### *2. The motion should be denied*

Mann here claims that the Court "apparently inadvertant[ly]" dismissed defendants Mohr, Huffman, James, Williams, Neely, Gray and Croft when it concluded that only the claim in Ground One remained before the Court, and only defendants Jackson, Kelly, Krandall, Spatney, Reynolds, Smith, Garcia, Glowacki, Murphy, Rudy, Teffs, Costin, Scott

---

[34]*Id.* (citations omitted).

[35]*See*, *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *see also*, *McNamara*, 2013 WL 1942187, at *1 (citation omitted). Rule 59(e) does not give parties a "second bite at the apple" nor permit reconsideration for "after thoughts" or "shifting of ground."

[36]*Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005) (citation omitted).

[37]*Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003).

[38]*Id.* at 634; *accord*, *Coldiron v. Timmerman-Cooper*, No. 304-CV-07750, 2007 WL 1813201, at *1 (N.D. Ohio June 19, 2007) (Boyko, J.) (citing *Davie*).

and Lumen are implicated by that claim.[39] Mann contends that the dismissed defendants, who are senior officials in the prison system, are "directly implicated in the acts and conduct alleged in Count One" and so must be reinstated as defendants.[40]

The essence of Mann's argument here concerns the extent to which the various grounds for relief cited in the amended complaint reach the conduct of various defendants. Initially, the amended complaint asserts jurisdiction under both 42 U.S.C. § 1983[41] and the RLUIPA,[42] and further contends that all defendants are being sued in both their official and individual capacities for declaratory and injunctive relief, and in their individual capacities for monetary damages.[43] Mann also avers that the defendants are being sued "for only those actions in which they personally participated," and not "for any respondent [sic] superior doctrines."[Sic].[44] He further specifically claims that the policies challenged in Ground One are violations of the RLUIPA,[45] and that the defendants have acted under color of state law in violation of § 1983 and RLUIPA to use these policies to harm Mann.[46]

---

[39] *See*, ECF # 73 at 3.

[40] ECF # 86 at 1.

[41] ECF # 5 at ¶ 4.

[42] *Id.* at ¶ 5.

[43] *Id.* at ¶ 48.

[44] *Id.* at ¶ 49.

[45] *Id.* at ¶ 52.

[46] *Id.* at ¶ 55.

RLUIPA is designed to afford plaintiffs a right of action against a "government" for imposing a "substantial burden" on "the religious exercise of a person."[47] In that regard, the RLUIPA defines "government" fairly broadly to include government, its agencies, officials and those acting under color of state law.[48] Accordingly, by speaking of the responsible party as a government, not an individual, at least some courts, including a district court in this circuit, have concluded that RLUIPA implicitly permits suits based on *respondeat superior*.[49]

But, because there is no provision for monetary damages in the RLUIPA, but only the possibility of injunctive an/or declaratory relief, it is not entirely accurate to speak of *respondeat superior* liability at all since RLUIPA does not permit monetary recovery, let alone address who should bear the expense of a damage award.[50] Rather, because RLUIPA permits injunctive and/or declaratory relief where a "government" has imposed a substantial burden on the exercise of religious practice, and further because under the Eleventh Amendment a state "government" *qua* government may not be sued in federal court without its consent,[51] the usual RLUIPA defendant in a case such as this one is a state government

---

[47] 42 U.S.C. § 2000cc-5(4).

[48] *Id*.

[49] *Layman Lessons, Inc. v. City of Millersville, Tenn.,* 636 F.Supp.2d 620, 643 (M.D. Tenn., 2007)(citation omitted).

[50] *Sossoman v. Texas*, 563 U.S. 277, 293 (2011)(no monetary recovery under RLUIPA against persons sued in official capacity); *Haight v. Thompson*, 763 F.3d 554, 567-568 (6th Cir. 2014)(no recovery of monetary damages under RLUIPA against prison officials in their personal capacity).

[51] *Alabama v. Pugh,* 438 U.S. 781, 782 (1978).


official who enforced the complained-of policy against the plaintiff, such official sued in his official capacity with the aim of enjoining the enforcement of the policy.

The point is that the RLUIPA claim is not fundamentally against an individual for his personal discrete acts, but is essentially directed at the "prison *policy* that substantially burdens a religious practice,"[52] with injunctive relief sought against the person or persons who applies that policy to the defendant.

In this context, while § 1983 actions do permit monetary recovery, that section does not permit liability to attach under theories of *respondeat superior*. Thus, any recovery under RLUIPA is limited to only injunctive or declaratory relief, and the only possibility of monetary damages under § 1983 is limited to those defendants who may be shown to have actually either encouraged the specific incident of misconduct or in some other way directly participated in it.[53] The senior administrators of the state prison system, who have not been alleged to have any direct contact with Mann or to have directly ordered any action related specifically to him, have been dismissed as defendants as to the remaining claim. Those defendants cannot be liable under § 1983 because they have not been alleged to have personally taken any action in connection with Mann, and the remaining defendants, who are officials in the specific prison where Mann is incarcerated, are the proper defendants for both the RLUIPA and § 1983 components of Ground One.

---

[52]*Haight,* 763 F.3d at 559-60 (emphasis added).

[53]*Bellamy v. Bradly,* 729 F.2d 416, 421 (6th Cir. 1984).

Accordingly, because this Court has the authority on its own motion to dismiss defendants, and because Mann has not shown any error in the decision to dismiss the state-wide officials, the motion to reinstate defendants should be denied.

**C.    Motion to order continuing disclosure**

Mann seeks an order requiring all defendants named in an official capacity and/or defense counsel for such defendants to notify him when such defendants leave office or are replaced.[54] The Court should afford *pro se* litigants a reasonable opportunity to determine the correct person against whom the claim is asserted.[55] This is even more important where, as here, any relief may include an injunction, which must necessarily specify the party being enjoined.[56]

But, such protection may be sufficiently provided by counsel for the named official defendants without imposing a personal burden on the particular individuals.

Accordingly, the motion is granted in part. Counsel for any named official defendant is required to notify the Court if any new person occupies the office named as to any remaining defendant to Ground One of the amended complaint, with service of such notice to be made to Mann.

---

[54] ECF # 85.

[55] *See, Carmona v. Toledo,* 215 F.3d 124, 134 (1st Cir. 2000)(citation omitted).

[56] *Greene v. Johnson*, 2003 WL 24287265, at * 3 (E.D. Va. July 3, 2003).

Dated: February 24, 2016                                  s/William H. Baughman, Jr.
                                                          United States Magistrate Judge


**Objections**

    Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[57]

---

[57] *See Thomas v. Arn*, 474 U.S. 140 (1985); *see*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).