IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY D. MANN, | ) | CASE NO. 1:13 CV 1977 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | Magistrate Judge William H. Baughman, Jr. |
| | ) | |
| JERRY SPATNEY, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Renewed Motion for Partial Summary Judgment filed by Plaintiff, Jeffrey D. Mann on May 7, 2018 (Docket #134) and the Motion for Summary Judgment filed by Defendants, Brian Costin, LaShaun Eppinger, Frank Garcia, Timothy Glowacki, Tina Grudzien, Wanza Jackson, Gregory Lumen, Marvin Murphy, Stephen Reynolds, Paula Rudy, Justin Scott, Ronald Smith, Jerry Spatney, and Diane Teffs on June 4, 2018. (Docket #138.)

Previously, on November 21, 2013, this case was referred to Magistrate Judge William H. Baughman, Jr. for general pretrial supervision. (Docket #14.) As summarized by the Magistrate Judge, the remaining issue in this case is as follows:

This case, as modified by prior order of this Court, now raises a single

claim that individuals at the Grafton Correctional Institution infringed on Mann's right to practice his Native American religion. Within that single claim are two sub-claims: (1) that defendants Jackson and Chaplain Smith denied Mann the right to practice his religion; and (2) that all defendants except Wanza Jackson intimidated Mann for seeking to practice his religion and retaliated against him for making those requests.

Specifically, Mann alleges that:

- The GCI chapel library contains no materials related to Native American religious belief, but does contain material concerning other religions, thus effectively preventing precluding Mann from freely exercising his religious beliefs;

- To effectively practice the Native American religion, believers must be allowed to conduct a Sacred Pipe ceremony, which requires access to Kinnickinnick – an herbal smoking mixture consisting of leaves or bark – and a pipe; access to a sweat lodge at least monthly; the observance of certain holy days, such as both solistices and equinoxes; the practice of at least weekly smudging, which requires the burning of sage, sweetgrass, cedar, and juniper, with sacred smoke used to purify; and the presence of an outside spiritual advisor;

- The defendants here have refused to accommodate practitioners of Native American religion while "providing facilities and access for other 'mainstream' religions";

- Despite the fact that Mann purportedly received authorization from defendant Chaplain Smith to purchase sage, sweetgrass, a pipe, and kinnickinnick, the resulting delivery was confiscated and Mann was subjected to a disciplinary proceeding for allegedly lying to the staff about Chaplain Smith's approval of the delivery;

- Additional retaliation occurred when Chaplain Smith threatened to put Mann in segregation if he filed a grievance about this conduct, and when Mann was harassed with strip searches and cell searches, allegedly looking for contraband, which was never found;

- Further retaliation occurred when Mann was denied medical care when requested and after properly completing the requisite approval process.

(Report and Recommendation (Docket #149) at pp. 2-4.)

On July 31, 2018, Magistrate Judge Baughman issued a Report and Recommendation, recommending that Mr. Mann's Renewed Motion for Summary Judgment be denied; Defendants' Motion for Summary Judgment be granted; and, all remaining pending motions requesting class certification (Docket #s 133, 142, 143 and 144) be dismissed as moot. On August 27, 2018, Mr. Mann filed his Objections to Magistrate's Report and Recommendation. (Docket #152.) On September 17, 2018, Defendants filed their Response to Mr. Mann's Objections. (Docket #155.) On September 26, 2018, Mr. Mann filed a Reply Brief. (Docket #156.)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

**Conclusion**

The Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*, analyzing Mr. Mann's objections to the Report and Recommendation, Defendants' Response and Mr. Mann's Reply. The objections raised by Mr. Mann do not affect the disposition of the single claim remaining in this case. Magistrate Judge Baughman thoroughly and exhaustively reviewed the allegations in the Amended Complaint in conjunction with the applicable statutory and case law. The Magistrate Judge's Report and Recommendation provides a comprehensive and

scholarly analysis of all of the issues raised. For the reasons stated in his Report and Recommendation, Magistrate Judge Baughman properly concluded that Mr. Mann's Renewed Motion for Summary Judgment be denied; Defendants' Motion for Summary Judgment be granted; and, all remaining pending motions requesting class certification (Docket #s 133, 142, 143 and 144) be dismissed as moot.

Accordingly, the Report and Recommendation issued by Magistrate Judge Baughman (Docket #149) is hereby ADOPTED in its entirety. Mr. Mann's Renewed Motion for Summary Judgment (Docket #134) is hereby DENIED. Defendants' Motion for Summary Judgment (Docket #138) is hereby GRANTED.

All pending motions requesting class certification (Docket #s 133 and 142) are hereby DENIED AS MOOT.

This Case is hereby TERMINATED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: September 27, 2018